**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0361-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RUSSELL E. OLEXA,

     Defendant-Appellant.

_____

Submitted September 19, 2022 – Decided October 3, 2022

Before Judges Mawla and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 19-07-1833.

Joseph E. Krakora, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Krysten A. Russell, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Russell E. Olexa appeals from a June 17, 2021 order denying his motion for admission into a pretrial intervention (PTI) program after the Camden County Prosecutor's Office (CCPO) rejected his application. We reverse and remand for further proceedings.

I.

On May 28, 2019, defendant, a Pennsylvania resident, and his friend participated in target practice in Pennsylvania, where defendant used his Rock Island .45 handgun, which he transported in a closed firearm case in his backpack. Defendant did not have a permit to carry his handgun in Pennsylvania.[1] Later that day, defendant and his friend, who was driving, traveled to New Jersey to visit another individual. Defendant's friend subsequently decided to drive to Atlantic City, and defendant, realizing he still had his firearm in his backpack, declined to go. His friend, however, did not want to take defendant back to Pennsylvania and, therefore, defendant was left to find his own way home from New Jersey. Defendant tried to find a bus stop, but because it was dark outside and he did not have a phone to help him navigate,

---

[1] As part of defendant's PTI application, it was originally indicated defendant had a permit to carry his handgun. However, during oral argument, defendant's attorney acknowledged this was inaccurate and explained defendant may have confused his firearm registration as being a permit.

A-0361-21

he decided to rest on what he incorrectly believed were church steps and fell asleep.

The next morning, police found defendant asleep on the steps of a school in Winslow Township. One of the officers woke him up and asked, "do you have anything I need to know about?" Defendant responded "yes," and told the officers he had a firearm in his backpack. The officers then searched defendant's backpack and found a carrying case with a loaded handgun.[2] The officers arrested defendant, and he was subsequently indicted for second-degree unlawful possession of a handgun, in violation of N.J.S.A. 2C:39-5(b)(1).

In March 2021, defendant applied for entry into the PTI program. Defendant noted he is a decorated Marine veteran and legally owned the firearm. He further averred he "did not intend to violate the law" and voluntarily disclosed to police he was in possession of the firearm. Defendant also claimed he lacked a criminal record. He sought participation in the program so as not to "tarnish his record."

---

[2] Defendant disputes the firearm was loaded. Additionally, defendant's PTI application stated that the handgun was in a "closed firearm case," and during oral argument, his attorney represented that it was in a "locked gun case." These disputed facts were not considered by the trial court in rendering its decision and do not impact any issue before this court.

3

On March 26, 2020, the CCPO denied defendant's PTI application. In so doing, it noted, under Rule 3:28-1(d), because the charges against defendant carried a presumption of incarceration and a mandatory minimum period of parole eligibility, the prosecutor had to consent to consideration of his PTI application. The CCPO acknowledged defendant's history of military service and agreed he had lawfully purchased his handgun. However, defendant failed to provide evidence of a concealed carry permit. The CCPO concluded defendant did not submit his application in accordance with Rule 3:28-3(b)(1), because his "statement did not provide the requisite extraordinary and compelling circumstances, justifying consideration of the application."[3]

## II.

Defendant filed a motion challenging the CCPO's refusal to consider his PTI application. He argued the State failed to consider the factors under N.J.S.A. 2C:43-12(e). Defendant emphasized the underlying offense did not involve a crime of violence or the threat of violence; he did not have a history

---

[3] The CCPO noted if defendant was able to prove he was lawfully carrying a "loaded handgun outside of his dwelling, business, or land or premises owned by him," then it would be "willing to reopen its analysis of whether this defendant is an appropriate candidate for PTI." As noted above, however, defendant's counsel conceded defendant did not have a permit to carry in Pennsylvania.

of violent behavior or a criminal record; he willingly informed the police that he was in possession of a handgun; and he did not carry the handgun on his person but in a closed case in his backpack. Defendant stated that he was only charged because "he did not have a permit to carry [the handgun]." In addition, defendant argued that "his service to this country" and his "lack of contact with the criminal justice system" rendered him a "great candidate for this program." During oral argument, defendant further requested the court to consider the factors set forth in the Attorney General's 2014 clarification to the 2008 Attorney General Directive.[4]

The State focused on defendant's failure to meet the criteria set forth in the 2014 Attorney General Clarification. The State argued the 2014 Attorney General Clarification applies to out-of-state defendants who can demonstrate the following: (1) the firearm had been lawfully acquired in another jurisdiction; (2) the defendant's possession would have been lawful in his own jurisdiction; and (3) the defendant mistakenly believed that such possession was lawful in New Jersey. The State acknowledged defendant had established the first

---

[4] Attorney General, Clarification of "Graves Act" 2008 Directive with Respect to Offenses Committed by Out-of-State Visitors from States Where Their Gun-Possession Conduct Would Have Been Lawful (Sept. 24, 2014) (2014 Attorney General Clarification).

A-0361-21

criteria, and that the third criteria generally was presumed. However, defendant did not qualify because he failed to establish the second criteria since he was not licensed to carry a gun in Pennsylvania. Accordingly, the State submitted defendant was not eligible for PTI.

The trial court noted it could only allow defendant into PTI over the State's objection if defendant "clearly and convincingly establishes that the prosecutor's review of the admission to the program was based on a patently gross abuse of discretion." The court determined defendant failed to present extraordinary and compelling circumstances as required under Rule 3:28-3(b)(1), and also did not produce a concealed carry permit to warrant consideration of the 2014 Attorney General Clarification. The court indicated defendant carried a "high burden . . . to overcome the State's position," and defendant failed to meet that burden. Consequently, the court denied defendant's motion.

On July 30, 2021, pursuant to a plea agreement, defendant pled guilty to fourth-degree unlawful transport of a handgun. On September 7, 2021, the trial court sentenced defendant to a three-year term of probation, in accordance with his plea agreement. This appeal followed.

A-0361-21

III.

Defendant raises the following point for our consideration:

POINT I

THE PROSECUTOR'S REFUSAL TO CONSENT TO THE CONSIDERATION OF DEFENDANT'S PTI APPLICATION AMOUNTED TO A PATENT AND GROSS ABUSE OF DISCRETION.

More particularly, defendant reprises the arguments made before the trial court. Although defendant now concedes he does not fall within the purview of the 2014 Attorney General Clarification, because his possession of the gun would not have been lawful in his own jurisdiction, he maintains his failure to satisfy the criteria under the 2014 Attorney General Clarification is not the dispositive issue in this matter. Rather, the trial court's order regarding PTI must be evaluated based on applicable law and not a prosecutorial policy. State v. Waters, 439 N.J. Super. 215, 238-39 (App. Div. 2015). Specifically, defendant argues, the CCPO failed to consider the factors set forth in N.J.S.A. 2C:43-12(e).

The State counters the trial court properly determined the prosecutorial veto of defendant's PTI application was not a patent abuse of discretion. The State argues that although defendant attempts to minimize the events surrounding his arrest, the State cannot overlook that the police found defendant asleep on the steps of a school, unlawfully carrying a loaded firearm.

7

Significantly, the State contends because defendant was presumptively ineligible for PTI under Rule 3:28-1(d) the analysis under N.J.S.A. 2C:43-12(e) is not necessary when a defendant fails to establish "compelling and extraordinary circumstances" under Rule 3:28-3(b)(1).

IV.

"PTI is a diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior." State v. Johnson, 238 N.J. 119, 127 (2019) (quoting State v. Roseman, 221 N.J. 611, 621 (2015) (internal quotations omitted)). A prosecutor must evaluate PTI applications by considering the factors defined by statute and court rules and conduct an "individualized assessment" of the applicant. Ibid. The Supreme Court explained the evaluation process as follows:

> The assessment of a defendant's suitability for PTI must be conducted under the Guidelines for PTI provided in Rule 3:28, along with consideration of factors listed in N.J.S.A. 2C:43-12(e). These factors include "the details of the case, defendant's motives, age, past criminal record, standing in the community, and employment performance[.]" [State v. Watkins, 193 N.J. 507, 520 (2008)]; see N.J.S.A. 2C:43-12(e). Additionally, a PTI determination requires that the prosecutor make an individualized assessment of the defendant considering his or her "'amenability to correction' and potential 'responsiveness to

rehabilitation.'" Watkins, 193 N.J. at 520 (quoting N.J.S.A. 2C:43-12(b)).

[Roseman, 221 N.J. at 621-22.]

However, in cases involving a person charged with a crime for which there is a presumption of incarceration or a mandatory minimum period of parole ineligibility, there is a presumption against admission into PTI, and defendant is obligated to establish extraordinary and compelling circumstances to justify his or her application under Rules 3:28-1(d)(1) and 3:28-3(b)(1).

Our review of an appeal from denial of PTI is limited. State v. Negran, 178 N.J. 73, 82 (2003). We apply the same de novo standard of review of a prosecutor's rejection of a PTI application as the trial court. Waters, 439 N.J. Super. at 226. If a prosecutor's decision demonstrates consideration of all appropriate factors, it will not be disturbed absent a showing that it was a patent and gross abuse of discretion. State v. K.S., 220 N.J. 190, 200 (2015). We afford prosecutors "broad discretion to determine if a defendant should be diverted." Id. at 199. We address "only the 'most egregious examples of injustice and unfairness'" in reviewing a denial of PTI. Negran, 178 N.J. at 82 (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). A defendant rejected from PTI must clearly and convincingly establish the prosecutor's refusal to

A-0361-21

sanction admission into a PTI program was based on a patent and gross abuse of discretion. K.S., 220 N.J. at 200.

A "[d]efendant generally has a heavy burden when seeking to overcome a prosecutorial denial of his [or her] admission into PTI." Watkins, 193 N.J. at 520. The decision whether to admit a defendant to a PTI program is "'primarily individualistic in nature' and a prosecutor must consider an individual defendant's features that bear on his or her amenability to rehabilitation." Nwobu, 139 N.J. at 255 (quoting State v. Sutton, 80 N.J. 110, 119 (1979)).

To establish an abuse of prosecutorial discretion, a defendant must demonstrate:

> that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment . . . . In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI].
>
> [Roseman, 221 N.J. at 625 (first alteration in original) (quoting State v. Bender, 80 N.J. 84, 93 (1979)).]

"A patent and gross abuse of discretion is defined as a decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention.'" Watkins, 193 N.J. at 520

10

A-0361-21

(quoting State v. Wallace, 146 N.J. 576, 583 (1996)).  "The question is not whether we agree or disagree with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors."  Nwobu, 139 N.J. at 254.

Applying these standards, we determine the CCPO's decision was not premised upon a consideration of all relevant factors.  The primary issue before us is whether the State's denial of defendant's application appropriately followed the procedure under Rules 3:28-1 to -10, and whether it appropriately considered the PTI criteria, namely Rule 3:28-4 and the factors under N.J.S.A. 2C:43-12(e). The State contends, without reference to any controlling authority, it was not obligated to consider the factors set forth in N.J.S.A. 2C:43-12(e), because defendant was presumptively ineligible for PTI under Rule 3:28-1(d)(1).  We disagree and determine the two inquiries overlap.

Rule 3:28-4 states:  "In evaluating a defendant's application for participation in a pretrial intervention program, consideration shall be given to the criteria set forth in N.J.S.A. 2C:43-12(e)."  (Emphasis added).  Moreover, N.J.S.A. 2C:43-12(e) provides, "[p]rosecutors and program directors shall consider in formulating their recommendation of an applicant's participation in [PTI]" the various criteria set forth in N.J.S.A. 2C:43-12(e)(1) through (17).

11

(Emphasis added). We recognize under Rule 3:28-1(e)(3), a defendant must establish "extraordinary and compelling circumstances that justify consideration of the application notwithstanding the presumption against admission." However, that Rule must be read in harmony with Rule 3:28-4 and N.J.S.A. 2C:43-12(e), which require an evaluation of the factors set forth in N.J.S.A. 2C:43-12(e) when addressing a PTI application. The factors set forth in N.J.S.A. 2C:43-12(e) provide the context in which the prosecutor must determine if extraordinary and compelling circumstances exist to warrant consent from the prosecutor. Otherwise, there are no guidelines for the State to utilize in determining if there are extraordinary and compelling circumstances.

In K.S., our Supreme Court reviewed a PTI denial which involved charges where there was a "presumption against acceptance" into PTI. The Court stated that, "[i]n determining whether the reasons defendant relied upon to justify his admission into [PTI] are 'compelling,' the prosecutor and any reviewing court are required to consider the criteria set forth in N.J.S.A. 2C:43-12." 220 N.J. at 198 (quoting State v. Seyler, 323 N.J. Super. 360, 369 (App. Div. 1999)). That is, in the context of a defendant applying for PTI where there is a presumption against acceptance, a prosecutor cannot simply determine a defendant fails to satisfy extraordinary and compelling circumstances to justify an application

12

under Rule 3:28-1(d)(1) and dispense with an evaluation of the criteria set forth in N.J.S.A. 2C:43-12(e). The Court in K.S. indicated the determination of whether there are extraordinary and compelling circumstances under Rules 3:28-1(d)(1) and 3:28-3(b)(1) necessarily includes an evaluation of the factors set forth in N.J.S.A. 2C:43-12(e). 220 N.J. at 198. While K.S. analyzed an earlier version of Rule 3:28, the same principles are implicated here.

While the CCPO determined defendant's PTI application failed to establish the requisite extraordinary and compelling circumstances to justify consideration of the application given the presumption of ineligibility, it did not properly address the factors under N.J.S.A. 2C:43-12(e). When the State fails to adequately explain its reasoning for how it has assessed the relevant statutory factors, as it did here, a remand is warranted. State v. E.R., 471 N.J. Super. 234, 248 (App. Div. 2022); see also Nwobu, 139 N.J. at 247 (holding when a prosecutor has failed to "consider all relevant factors or considers irrelevant factors," a remand to the prosecutor is appropriate).[5]

---

[5] "A defendant may persuade a court to vacate a PTI rejection and remand to the prosecutor for reconsideration on a somewhat lesser showing." Wallace, 146 N.J. at 583. "These are cases where a court finds that the prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion, but not a patent and gross abuse, and also determines that a remand will serve a useful purpose." State v. Dalglish, 86 N.J. 503, 509 (1981). "A remand might serve a useful

We remand for the State to reconsider defendant's PTI application due to its failure to consider the application in accordance with <u>Rules</u> 3:28-1 to -10 and N.J.S.A. 2C:43-12(e).

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

purpose, for example, where it has been clearly and convincingly shown by a defendant that the prosecutor failed to consider all relevant factors."  <u>Wallace</u>, 146 N.J. at 583.  Moreover, given the high standard of deference for prosecutors' PTI determinations, "[a] remand to the prosecutor affords an opportunity to apply the standards set forth by the court 'without supplanting the prosecutor's primacy in determining whether [PTI] is appropriate in individual cases.'"  <u>K.S.</u>, 220 N.J. at 200 (quoting <u>Dalglish</u>, 86 N.J. at 514).

A-0361-21